IN THE UNITED STATES OF AMERICA
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.                                                                    CRIMINAL NUMBER 2:09CR12KS-MTP

GAVIN S. STEWART                                                                           DEFENDANT

## FINAL ORDER OF FORFEITURE

WHEREAS pursuant to Title 21, United States Code Section, 853 and by virtue of the defendant Gavin S. Stewart's guilty plea and the Court's Preliminary Order of Forfeiture, all right, title and interest of defendant Gavin S. Stewart in the below-described property was forfeited to and is now vested in the United States of America for disposition in accordance with law, subject to the provisions of Title 21, United States Code, Section 853(n); and,

WHEREAS Notice of Criminal Forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on October 2, 2010, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Said notice advised that any person asserting a legal interest in the property subject to forfeiture may, within sixty (60) days from the first day of publication of notice, petition the Court for a hearing to adjudicate the validity of his or her alleged interest in the property.  The United States further provided direct written notice to any persons known to have an alleged interest in the property, namely, First Southern Bank and,

WHEREAS First Southern Bank, by and through its attorney, Donovan O. McComb, filed its petition asserting its interest in the below-described real property as the equitable owner of the promissory note executed by defendant Gavin S. Stewart; and,

WHEREAS the United States and First Southern Bank having agreed to settle First Southern Bank's petition in accordance with the terms set forth in the Stipulated Settlement Agreement between said parties; and,

WHEREAS no other third-parties have come forward to assert an interest in the property in the time required under Title 21, United States Code, Section 853(n)(2); and,

WHEREAS the United States having met all statutory requirements for the forfeiture of the below-described property it is authorized to, and it should, reduce the below said property to its possession.

NOW, THEREFORE, the Court having considered the matter and been fully advised in the premises, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that, pursuant to Title 21, United States Code, Sections 846, 841(a) and 853, the following real and personal property is forfeited to the United States of America:

## PERSONAL PROPERTY

One 1979 Corvette VIN 1Z8749S439476;

Money Judgment in the amount of $225,000.00

## REAL PROPERTY

Property located at 42 Possum Trot Road, Tylertown, Walthall County, MS more particularly described as: Commence at the NE corner of the SW ¼ of NE ¼ of Section 15, Township 3 North, Range 11 East, Walthall County, Mississippi for the Point of Beginning; thence South 0 degrees 24 minutes 43 seconds East along the East line of the above said forty for 1081.91 feet to the centerline of a gravel drive; thence North 73 degrees 44 minutes 19 seconds West along the above said centerline for 109.61 feet; thence North 0 degrees 24 minutes 43 seconds West for 553.45 feet; thence North 89 degrees 58 minutes 26 seconds West for 852.72 feet; thence North 0 degrees 22 minutes 55 seconds West for 168.82 feet; thence North 89 degrees 58 minutes 37 seconds East for 306.82 feet; thence North 0 degrees 22 minutes 55 seconds West for 328.73 feet to the NW corner of the E ½ of the SW

¼ of NE ¼; thence South 89 degrees 58 minutes 26 seconds East along the North line of the above said E ½ for 650.64 feet back to the Point of Beginning, said parcel contains 10.00 acres, more or less, and is located in the SW ¼ of NE ¼ of Section 15, Township 3 North, Range 11 East, Walthall County, Mississippi. (Book 320, Page 703)

Property located at 42 Possum Trot Road, Tylertown, Walthall County, MS more particularly described as:  Begin at the Northwest corner of the SE ¼ of the NE ¼ of Section 15, Township 3 North, Range 11 East, Walthall County, Mississippi, and thence run North 89 degrees 20 minutes 53 seconds East along the North line of the above said forty a distance of 232.54 feet; thence run South 00 degrees 24 minutes 43 seconds East a distance of 818.84 feet to the North right of way line of a paved public road; thence along a curve to the left with a delta angle of 35 degrees 55 minutes 25 seconds, having a radius of 619.10 feet and an arc length of 388.17 feet, with a chord bearing and distance of South 37 degrees 06 minutes 17 seconds West along the above said North right of way line a distance of 381.84 feet to the West line of the above said forty; thence run North 00 degrees 24 minutes 43 seconds West along the above said West line a distance of 1,120.73 feet and back to the point of beginning; said parcel containing five (5) acres, more or less, and is situated in the SE ¼ of the NE ¼ of Section 15, Township 3 North, Range 11 East, Walthall County, Mississippi. (Book 337, Page 522)

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendant Gavin S. Stewart be given credit for the following personal property forfeited as substituted property and credited toward the money judgment rendered herein against him in the amount of $225,000.00:

$154.27 in Trustmark National Bank account seized from Gavin Stewart;

$1,208.28 in Trustmark National Bank account seized from Gavin Stewart; and

$1,047.87 in First Southern Bank account seized from Gavin Stewart.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all right, title and interest to the above-described property is hereby condemned, forfeited, and vested in the United States of America and shall be disposed of according to law; and,

**IT IS FURTHER ORDERED** that the United States Marshals Service take the above-described property into its secure custody and control for disposition according to law; and,

**IT IS FURTHER ORDERED** that, upon entry of a Final Order of Forfeiture, forfeiting the real property to the United States and upon the sale of the real property by the United States, the United States will pay First Southern Bank the following sums from the proceeds of the sale (after deducting all costs of the sale):

   a.  an unpaid balance as of October 21, 2010, of $46,253.94, plus accrued interest, at the contractual rate of $10.608 per day under its Deed of Trust.

   b.  if the United States Marshal determines that the appraised value of the property does not warrant the sale of the property, the Marshal is to return the property to claimant/lienholder.

   c.  as part of the closing on the sale of the real property, First Southern Bank will cancel and surrender its deed of trust, and the sums due First Southern Bank will be paid from the funds generated by the sale.

   d.  the payment to First Southern Bank shall be in full settlement and satisfaction of any and all claims by First Southern Bank to the real property and all claims resulting from the incidents or circumstances giving rise to First Southern Bank's claim in this matter.

   e.  upon payment, Claimant First Southern Bank agrees to release and hold harmless the United States, and any agents, servants, and employees of the United States (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims by First Southern Bank and its agents which currently exist or which may arise as a result of the United States' action in this case.

**IT IS FURTHER ORDERED** that the United States of America shall have clear title to the above-described property that is the subject of this Final Order of Forfeiture and may warrant good title to any subsequent purchaser or transferee; and

**IT IS FURTHER ORDERED** that the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Judgment; and

**IT IS FURTHER ORDERED** that this order will be enrolled in all appropriate Judgment Rolls.

**SO ORDERED** this 11th day of March, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE