IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**UNITED STATES OF AMERICA**
**V.**                                                                         **CRIMINAL NO. 2:09-CR-12-KS-MTP**
**GAVIN S. STEWART, et al.**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** Defendant Gavin S. Stewart's Motion to Vacate [567] his sentence.

### A.  *Background*

On January 19, 2010, Defendant pled guilty to Count 3 of the indictment [230]. Therein, the Government charged that Defendant knowingly and willfully conspired with others to knowingly and intentionally distribute more than five hundred (500) grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, as prohibited by 21 U.S.C. § § 841(a)(1), 846 and 18 U.S.C. § 2.

On April 20, 2010, the Court sentenced [475] Defendant to one hundred sixty-eight (168) months in prison. The sentence represented the very bottom of the sentencing guideline range. The offense carried a mandatory minimum of ten years in prison. *See* 21 U.S.C. § 841(b)(1)(A). The mandatory minimum was enhanced because of the quantity of drugs involved – 28 pounds of methamphetamine – and Defendant's possession of a dangerous weapon. *See* U.S. SENTENCING GUIDELINES MANUAL §§ 2D1.1(b)(1), (c)(3).

On May 9, 2011, Defendant filed a Motion to Vacate [524] under 28 U.S.C. §

2255. The Court denied the petition [537, 542], finding that Defendant had not articulated any basis for relief. Defendant appealed the decision [543], but the Fifth Circuit dismissed the appeal [556]. On August 2, 2013, Defendant filed a second Motion to Vacate [567]. Defendant argues that *United States v. Alleyne*, – U.S. – , 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), requires that the Court vacate the gun possession enhancement because it was not charged in the indictment or included in the statement of facts read at the plea hearing. Defendant contends that the Court's finding that he possessed a gun during the charged activities resulted in the denial of the 18 U.S.C. § 3553(f)'s safety valve, as well as adding an additional year to his sentence under the guidelines.

### B.    Discussion

In *Alleyne*, the Supreme Court held held that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." *Alleyne*, 133 S. Ct. at 2155. If a fact produces a higher sentencing range, it "must . . . be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2162-63. The Court was careful to note, however, that its "ruling does not mean that any fact that influences judicial discretion must be found by a jury." *Id.* at 2163. "[T]he judge, when he pronounces sentence, may suffer his discretion to be influenced by matter shown in aggravation or mitigation, not covered by the allegations of the indictment. Establishing what punishment is available by law and setting a specific punishment within the bounds that the law has prescribed are two different things." *Id.*

*Alleyne* is inapplicable here because the Court's fact-finding did not increase the

mandatory minimum sentence. The Court determined the sentence by starting with the mandatory minimum prescribed by 21 U.S.C. § 841(b)(1)(A) and applying guideline enhancements. The final sentence was within the range prescribed by statute, and the Supreme Court specifically held that a trial judge has discretion to consider matters in aggravation or mitigation when setting a punishment within the statutory boundaries. *Id.*

Furthermore, *Alleyne* does not apply retroactively. *See Simpson v. United States*, 2013 U.S. App. LEXIS 13902, at *2-*3 (7th Cir. July 10, 2013); *Mitchell v. United States*, 2013 U.S. Dist. LEXIS 120755, at *6 n. 1 (W.D. Tex. Aug. 26, 2013); *United States v. Ailsworth*, 2013 WL 4011072, at *1 (D. Kan. Aug. 6, 2013); *United States v. Cantu-Rivera*, 2013 U.S. Dist. LEXIS 103188, at *3 (S.D. Tex. July 24, 2013). The Supreme Court did not state as much in its opinion, and "*Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000). The Supreme Court has held that other rules based on *Apprendi* do not apply retroactively on collateral review." *Mitchell*, 2013 U.S. Dist. LEXIS 120755 at *6 n. 1.

For these reasons, the Court **denies** Defendant's Motion to Vacate [567] his sentence.

SO ORDERED AND ADJUDGED this 28th day of August, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

3